058

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

APR 0 4 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DEYANIRA CRESPO, § | |
| § | |
| Plaintiff, § | |
| § | |
| Vs. § | |
| § | C. A. No. B - 02 -46 |
| FIRST CASH § | |
| FINANCIAL SERVICES INC, § | |
| f/k/a FIRST CASH INC., § | |
| A Delaware Corporation; and § | |
| FULANO DOE, § | |
| A Resident of the § | |
| State of Texas, § | |
| § | |
| Defendants. § | |

---

### PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT
---

1. COMES NOW PLAINTIFF DEYANIRA CRESPO, and pursuant to the United States Code, moves the court, for an order remanding this case to the state court from which defendants removed in on March 8, 2002. In support of this motion defendant submits for the court's consideration such matters as stated herein and in the memorandum to be later filed in support hereof, by reference here incorporated.

2. In brief summary, there is no basis for federal question jurisdiction. Plaintiff is the master of her complaint. Plaintiff has expressly disclaimed any and all federal claims. Even if plaintiff wanted to assert claims under ERISA or HIPAA, she could

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT                            1

not do so in the state court, because the state court lacks subject matter jurisdiction over any claims under ERISA, and plaintiff has no private right of action as to claims under HIPAA.

3. The mere presence of a federal issue does not confer federal question jurisdiction. Plaintiff may have remedies under ERISA and HIPAA but she cannot, as a matter of law, assert them in the state court. Being unable to assert such claims, plaintiff could not, and did not assert such claims.

4. WHEREFORE, PREMISES CONSIDERED, plaintiff prays the court grant this motion and Order such relief as is requested below.

5. ORDER that this case be remanded to the County Court at Law - No. 1, Cameron County, Texas, the court from which it was removed.

6. ORDER that defendants pay plaintiff costs and reasonable attorney's fees incurred in these removal proceedings.

7. ORDER, in the alternative, that plaintiff be given leave to amend her complaint in order to clarify and disclaim any federal claims herein.

8. ORDER such other and further relief as is proper and just.

Respectfully Submitted,

*/s/ David Horton*

Dennis Sanchez
SBOT No. 17569600
SANCHEZ, WHITTINGTON,
JANIS & ZABARTE, L.L.P.
100 North Expressway
Brownsville, TX 78521-2284
956.546.3731 Telephone
956.546.3765 Telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
Telephone  956.761.6644
Telecopier 956.761.7424

ATTORNEYS FOR PLAINTIFF
DEYANIRA CRESPO

---

### CERTIFICATE OF CONFERENCE
### Pursuant to the FRCP and Local Rule 6.A(4)

Prior to filing this motion, I conferred with defendant's counsel. Based on such, plaintiff advises the Clerk that defendant OPPOSES this motion.

*/s/ David Horton*
David Horton

### CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure, to-wit:

Ms. Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
956.542.7441 telephone, 956.541.2170 telecopier,
Attorneys for Defendant,
by First Class Mail on Thursday, April 4, 2002.

*/s/ David Horton*
David Horton