061

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

APR 2 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DEYANIRA CRESPO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | |
| | § | C. A. No. B - 02 -46 |
| FIRST CASH | § | |
| FINANCIAL SERVICES INC, | § | |
| f/k/a FIRST CASH INC., | § | |
| A Delaware Corporation;  and | § | |
| FULANO DOE, | § | |
| A Resident of the | § | |
| State of Texas, | § | |
| | § | |
| Defendants. | § | |

-----------------------------------------------------------------

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*

-----------------------------------------------------------------

## I    INTRODUCTION

1.    COMES NOW PLAINTIFF DEYANIRA CRESPO, and files this
memorandum in support of *PLAINTIFF'S MOTION TO REMAND CASE TO STATE
COURT,* filed herein on April 4, 2002. The relevant excerpt from
plaintiff's state court *Petition,* page 11, paragraph 32, is
attached as Exhibit A. The paper relied up by defendant in this
removal, *Plaintiff's Response to Defendant's Request for Disclosure
to Plaintiff,* is attached as Exhibit B. The complete petition is
filed with defendant's removal papers.   In support of plaintiff's
motion plaintiff submits for the court's consideration such matters

as stated in the motion and herein.

## II   SUMMARY OF ARGUMENT

2.   In brief summary, there is no basis for federal question jurisdiction.  Plaintiff is the master of her complaint.  Plaintiff in her state court petition, and in her disclosure, has expressly disclaims any and all federal claims (Exhibit A, excerpt from plaintiff's *Petition*; Exhibit B, plaintiff's disclosure).  Even if plaintiff wanted to assert claims under ERISA or HIPAA, she could not do so in the state court, because the state court lacks subject matter jurisdiction over any claims under ERISA, and plaintiff may have no private right of action as to claims under HIPAA.

3.   The mere presence of a federal issue does not confer federal question jurisdiction.  Plaintiff may have remedies under ERISA, but she cannot, as a matter of law, assert them in the state court.  Being unable to assert such claims, plaintiff could not, and did not assert such claims.

4.   Defendant presumably at the time it removed this case knew the state court lacked subject matter jurisdiction over any claims under ERISA.  Defendant presumably knew plaintiff may have no private right of action under HIPAA.  Despite these two objective reasons indicating why plaintiff would not, and did not, assert such claims in state court, defendant argues plaintiff did so.

### III      ARGUMENT AND AUTHORITIES

### A.   Plaintiff is the master of her complaint

5.   Plaintiff specifically states both in her petition and in the discovery disclosure that she does not assert any federal claims (Exhibits A and B).  The relevant excerpts from these papers appear below.   Plaintiff's petition in relevant part states:

### VIII    PLAINTIFF ASSERTS NO FEDERAL CLAIMS

32.  Plaintiff does not assert any federal claims herein, specifically including but not limited to, Title VII of the Civil Rights Act of 1964 and 1991 (As Amended), 42 U.S.C. § 1981, or the Employee Retirement Income Security Act.  Plaintiff only asserts claims and causes of action under the laws of the State of Texas.

(Exhibit A, *Petition*, page 11, paragraph 32)(emphasis in original).

Plaintiff's discovery disclosure in relevant part states:

Plaintiff will not in this case allege violations of the Fair Labor Standards Act. ... Plaintiff will not in this case allege violations of the Employee Retirement Income Security Act or the Health Insurance Protection and Accountability Act.


7.   Regarding additional damages in *possible related claims*, at present it appears defendant did not provide notice of COBRA rights upon initial eligibility, and failed to provide the HIPAA certificate upon termination.

(Exhibit B, plaintiff's disclosure, pp. 7 and 8) (emphasis added).

Plaintiff in her petition disclaims any and all federal claims, specifically including ERISA (Exhibit A), and in the disclosure

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*                    3

plaintiff specifically by naming the statutes, disclaims any claims under the FLSA, ERISA, and HIPAA (Exhibit B).

6.    A plaintiff is the "master to decide what law he will rely on." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See also *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 367 (5th Cir. 1995); *Value Recovery Group, Inc. v. Hourani*, 115 F.Supp.2d 761, 765 (S.D.Tex. 2000)(holding "[b]ecause a plaintiff is the master of his complaint, he may defeat attempts at removal by alleging only state law."); *Cowan v. Combined Ins. Co. of Am.*, 67 F.Supp.2d 1312, 1318 (M.D. Al 1999).

7.    Whether removal is proper or not depends on the complaint as it existed at the time removal was filed. *Addison v. Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir. 1984). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrel Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) (Exhibit A, excerpt from plaintiff's Petition).

8.    By exclusively relying on state law, a plaintiff may avoid federal jurisdiction, even though the plaintiffs' claim may be viable under both state and federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal should not be granted simply because a plaintiff "could have asserted a federal claim instead of or in addition to the state claim advance. *Merrell Dow*

*Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

> [W]here a plaintiff asserts claims that arise under both federal and state law, the plaintiff is the master of his complaint, and he may decide in which forum he chooses to proceed: A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.

*Hart v. Bayer Corp.*, 199 F3d 239, 244 (5th Cir. 2000).

7.   The doctrine of artful pleading is an exception to the well-pleaded complaint rule. *Allen v. City Finance Co.*, 224 B.R. 347 (S.D.Miss. 1998).

> [I]n certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law . . . The artful pleading doctrine recognizes that the characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all. The doctrine does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character.... Absent such extraordinary circumstances, the well-pleaded complaint rule governs.... That is, if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal.

*Id.*

9.   In a case where the plaintiff's complaint expressly disclaims any federal claims or causes of action, and relies wholly on state law claims, the artful pleading doctrine (where a plaintiff disguises federal law claims as state law claims) does not apply and removal is not proper. *Walker v. Atwood Chevrolet-Olds, Inc.*, 2001 WL 1820054 *4 (S.D.Miss. 2001). Plaintiff has made such disclaimer (Exhibit A, excerpt from plaintiff's

*Petition*), and the doctrine does not apply to the instant case.

10.    In this case, paragraph 32 of the Plaintiffs' Petition states:

> Plaintiff does not assert any federal claims herein, specifically including but not limited to, Title VII of the Civil Rights Act of 1964 and 1991 (As Amended), 42 U.S.C. §1981, or the Employee Retirement Income Security Act.  Plaintiff only asserts claims and causes of action under the laws of the State of Texas.

(Exhibit A, excerpt from plaintiff's *Petition*)

Plaintiff reaffirms this in paragraph 6 of plaintiff's disclosures. In paragraph 6, while the plaintiff notes it may add a breach of contract claim under state law, the plaintiff disclaims any intention to allege violations of the Fair Labor Standards Act, Employee Retirement Income Security Act, or the Health Insurance Protection and Accountability Act.

11.    In paragraph 7, of the plaintiff's disclosures, plaintiff does note that there may be "related claims" under both COBRA and HIPAA, but the fact remains that the plaintiff did not plead such claims. In light of plaintiff's disclaimer of any intention to pursue any claims under ERISA or HIPAA, the discerning reader might conclude such decision might in no small way be related to the fact that the state court lacks subject matter jurisdiction over any such ERISA claims, and plaintiff's private right of action is questionable under HIPAA.

12.    The fact that federal law is applicable to a claim

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*                                    6

is not the same thing as an assertion that the claim arises under federal law. *Value Recovery Group, Inc. v. Hourani*, 115 F.Supp.2d 761, 766 (S.D.Tex. 2000). See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 151 (1908). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrel Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986). Removal statutes are to be strictly construed, and all doubts as to whether removal to federal court is proper should be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

13.    In *Wright v. Combined Insurance Co.*, the defendant argued that the plaintiffs' claims were preempted by HIPAA. 959 F.Supp. 356, 361 (N.D. Miss. 1997). The court stated that

> [i]f such preemption exists, it is available as a defense to the plaintiff's state law claims. However, the mere fact that a defendant is entitled to assert a federal law defense does not like-wise entitle that defendant to remove the action to federal court.

*Id.* at 361-62.

14.    In order for preemption to be the basis for removal, "the plaintiffs' claims must be completely preempted by federal law." *Id.* The court concluded here that under HIPAA, there is no complete preemption. *Id.* at 363. The court reached this conclusion by noting that in order for complete preemption, the federal statutory scheme must: 1) provide a civil enforcement

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*                                    7

provision that creates a federal cause of action that replaces and protects the same interests as the preempted state law cause of action; 2) provide a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and 3) reflect a clear Congressional intent to make the preempted state claims removable to federal court. *Id.* at 362.

15.  In HIPAA, the court could find no congressional intent to create a new federal cause of action removable to federal court, and while the provisions of the Act related to its preemptive effect of state law, they did not relate to its complete preemption. *Id.* at 363. The court also reemphasized that even though state law claims may be preempted under HIPAA, this was not conclusive as to whether or not those claims are removable. *Id.*

16.  Similarly, in *Cowan v. Combined Ins. Co.*, the court noted that an exception to the well-pleaded complaint rule is the complete preemption doctrine: "where it is Congress' intent that federal law should provide the exclusive avenue for relief." 67 F.Supp.2d 1312, 1318 (M.D. Al. 1999). The court here stated that to determine whether there is complete preemption, the court looks: 1) to congressional intent; 2) to whether the federal law displaces the state law claim; and 3) a clear Congressional intent to make the preempted state claims removable must be reflected in the statute. *Id.*

17.  In analyzing HIPAA in light of the above stated factors,

the court determined that HIPAA did not completely preempt the plaintiffs' state law claims. *Id.* at 1320. The court reached this conclusion because: 1) when reviewing HIPAA's legislative history, while evidence for regular preemption of state law was found, there was no evidence that complete preemption was intended; and 2) the Act has no jurisdictional provision similar to those found in ERISA or LMRA. *Id.* The court remanded this case because they found that the plaintiffs' claims were not completely preempted by HIPAA. *Id.*

18. Two years earlier, in *Means v. Indep. Life and Accident Ins. Co.*, the court analyzed the three factors listed above in the discussion of *Cowan* and arrived at the same conclusion. 963 F.Supp. 1131 (M.D. Al. 1997). Under the displacement of state law prong, the court analyzed whether this established the definition of duplicative, or whether a separate, independent, and exclusive federal cause of action was created. *Id.* at 1135. The plaintiff argued and the court concluded under this prong that HIPAA does not create a private right of action. *Id.* With regard to the third factor, the court noted that there is no jurisdictional grant in HIPAA similar to that in ERISA or the LMRA. *Id.* On this reasoning, the court found no complete preemption. *Id.*

19. In *Means*, the defendants next argued that the court had jurisdiction because the plaintiffs' claims arose under the laws of the United States because they required construction and application of HIPAA. *Id.* at 1135. The court rejected this

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*                    9

argument as well, stating "the mere presence of a federal issue does not automatically confer federal-question jurisdiction." *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

20.   Additionally, the court noted "federal law is not a part of a state law claim when the federal law affords no private right of action."   *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 805 (1986)).  The court concluded that the state law claims could be brought without resolving substantial questions of federal law, finding that  "merely because the Plaintiffs' referenced federal law does not mean that their state law claims require an application of federal law . . . state law claims do not confer federal question jurisdiction merely because they reference federal law in establishing an element of the state law claim."   Id. at 1136 (citing *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994).

**IV      CONCLUSION**

21.   Plaintiff in her petition expressly states she asserts no federal claims (Exhibit A, excerpt from plaintiff's *Petition*). Plaintiff is master of her complaint.  Even if plaintiff wanted to assert claims under ERISA in the state court, she could not do so because the state court lacks subject matter jurisdiction over such claims.  Under HIPAA plaintiff may not even have a private right of action.  The fact that plaintiff may have "related" claims under ERISA and HIPAA, and so advised defendant in discovery papers, does

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
*PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT*                        10

not constitute an assertion of such claims in the state court.

22.   Defendant presumably at the time it removed this case knew the state court lacked subject matter jurisdiction over any claims under ERISA. Plaintiff hereby stipulates that she does not now and never will assert this or any other case in state court any claims against defendant under ERISA or HIPAA.   The case should be remanded, with or without amendment of plaintiff's complaint, and plaintiff should be awarded costs and fees on this motion.

### V     PRAYER

23.   WHEREFORE, PREMISES CONSIDERED, plaintiff prays the court grant this motion and Order such relief as is requested below.

24.   ORDER that this case be remanded to the County Court at Law - No. 1, Cameron County, Texas, the court from which it was removed.

25.   ORDER that defendants pay plaintiff costs and reasonable attorney's fees incurred in these removal proceedings.

26.   ORDER, in the alternative, that plaintiff be given leave to amend her complaint in order to clarify and disclaim any federal claims herein.

27.   ORDER such other and further relief as is proper and just.

Respectfully Submitted,

Dennis Sanchez
SBOT No. 17569600
SANCHEZ, WHITTINGTON,
JANIS & ZABARTE, L.L.P.
100 North Expressway
Brownsville, TX 78521-2284
956.546.3731 Telephone
956.546.3765 Telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
Telephone  956.761.6644
Telecopier 956.761.7424

ATTORNEYS FOR PLAINTIFF
DEYANIRA CRESPO

----------------------------------------------------------------

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure, to-wit:

Ms. Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
956.542.7441 telephone,956.541.2170 telecopier,
Attorneys for Defendant,

by First Class Mail on Friday, April 19, 2002.

David Horton

009

Before, The
COUNTY COURT AT LAW
CAMERON COUNTY - No.
Brownsville, Texas

FILED FOR RECORD

AT _____ O'CLOCK _____ M

JUL 05 2001

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

DEYANIRA CRESPO,                         §
                                         §
        Plaintiff,                       §
                                         §
Vs.                                      §
                                         §        Cause No. _____
                                         §
                                         §
FIRST CASH                               §
   FINANCIAL SERVICES INC,               §
f/k/a FIRST CASH INC.,                   §
A Delaware Corporation;  and             §
FULANO DOE,                              §
A Resident of the                        §
State of Texas                           §
                                         §
        Defendants.                      §

--------------------------------------------------------------

**P E T I T I O N**

--------------------------------------------------------------

## I    INTRODUCTION

1.    COMES NOW, DEYANIRA CRESPO PLAINTIFF, and files this
employment discrimination case against   FIRST CASH FINANCIAL
SERVICES INC. f/k/a FIRST CASH INC., and Fulano Doe,  her former
employer and manager, respectively.   Plaintiff demands a jury
trial. Plaintiff alleges her former employer violated Chapter 21.00
*et seq.* of the Texas Labor Code by discriminating against her based
on gender(female),  pregnancy,  race/national origin (Mexican-
American),  and retaliation, in ways including subjecting her to
sexual harassment,  retaliating against her because she opposed a

P E T I T I O N

EXHIBIT
A

2001-CCL-05

others similarly situated.

30.   Plaintiff reserves the right by amendment hereto to seek to represent a nationwide class of employees and former employees who were and are subject to sexual harassment based on the hostile work environment and *quid pro quo* demands.

31.   Plaintiff reserves the right by amendment hereto to seek to represent a nationwide class of employees and former employees who were and are adversely affected by the company's putative alternative dispute resolution policy, including subclasses of (a) individuals who were induced to submit workplace disputes to arbitration, and (b) individuals whose rights were chilled by the prospect of being unable to assert their rights in court, and who therefore declined to pursue claims against the company in a timely manner.

## VIII   PLAINTIFF ASSERTS NO FEDERAL CLAIMS

32.   Plaintiff does not assert any federal claims herein, specifically including but not limited to, Title VII of the Civil Rights Act of 1964 and 1991 (As Amended), 42 U.S.C. § 1981, or the Employee Retirement Income Security Act.   Plaintiff only asserts claims and causes of action under the laws of the State of Texas.

## IX   PRAYER FOR RELIEF

33.   WHEREFORE, plaintiff prays the court award such relief as includes that stated below.

34.   DECLARE the rights of the parties with respect to the

PETITION                                                                11

041
                        Before The
                 COUNTY COURT AT LAW
                 CAMERON COUNTY - No. 1
                   Brownsville, Texas

DEYANIRA CRESPO,                    §
                                    §
            Plaintiff,              §
                                    §
Vs.                                 §
                                    §        Cause No. 2001-CCL-00524-A
                                    §
                                    §
FIRST CASH                          §
   FINANCIAL SERVICES INC,          §
f/k/a FIRST CASH INC.,              §
A Delaware Corporation;  and        §
FULANO DOE,                         §
A Resident of the                   §
State of Texas,                     §
                                    §
            Defendants.             §

----------------------------------------------------------------
               **PLAINTIFFS' RESPONSE TO**
     *DEFENDANT'S FIRST REQUEST FOR DISCLOSURE TO PLAINTIFF*
----------------------------------------------------------------


                   I    INTRODUCTION


     1.    COME NOW PLAINTIFF DEYANIRA CRESPO, and, pursuant to Rule

194 of the Texas Rules of Civil Procedure, file this response to

*DEFENDANT'S REQUEST FOR DISCLOSURE TO PLAINTIFFS*, served by first

class mail on January 7, 2002, and received by plaintiff January

11, 2002.  By agreement the response date is Monday, February 18,

2002.


PLAINTIFFS' RESPONSE TO
*DEFENDANT'S FIRST REQUEST FOR DISCLOSURE TO PLAINTIFF*



II    RESPONSES

2.    **Rule 194.2(a), "the correct names of the parties to the lawsuit"**: Plaintiff's correct name is "Deyanira Crespo." It is plaintiffs' best information and belief that defendant's correct name is as it appears in the style of this case.

3.    **Rule 194.2(b), "the name, address, and telephone number of any potential parties"**: At this time plaintiffs are not aware of potential parties.

4.    **Rule 194.2(c), "the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial"**:

A.    Plaintiff's Claims

5.    Plaintiff's claims, causes of action, and requests for equitable relief are stated in plaintiffs' petition. In relevant part, the petition is shown below.

**V    STATEMENT OF THE CASE**

**A.    Facts and Allegations**

9.    The defendant company owns and operates pawn shops in various states throughout the United States. Plaintiff began work with the company on or about December 27, 1994, as an auditor. Approximately two years later plaintiff was promoted to audit supervisor.

10.    Defendant Fulano Doe, a manager, had direct management authority over plaintiff. During times relevant the manager would use sexually explicit and suggestive language in talking to plaintiff.

In the presence of other employees he would ask plaintiff embarrassing sexual questions. On occasions Doe would restrict plaintiff's free movement at the workplace by touching and rubing plaintiff's body without plaintiff's consent. Doe also made a degrading comment to plaintiff while plaintiff was pregnant regarding private and intimate matters.

11. In addition to matters of sexual harassment stated above, plaintiff has reason to believe and does believe that in addition to manager Doe, one or more of the defendant company's managers demanded sexual favors of female employees in order for said females to secure favorable terms and conditions of employment, and continued employment. A supervisor told plaintiff that he had once entered manager Doe's office without knocking, during business hours, and discovered Doe having sex with a female employee. On another occasion manager Doe attempted to kiss a female employee, in front of other employees, at a party.

12. The female employees and former employees referred to herein are similarly situated to plaintiff. Plaintiff alleges such individuals have heretofore been deterred in filing appropriate complaints of sexual harassment because of the defendant company's policies and practices complained of herein. Such policies and practices have had a chilling effect on such individuals' pursuing their rights under law. Plaintiff reserves the right hereafter to amend in order to assert her claims as a class action on behalf of herself and other similarly situated employees and former employees.

13. In the fall of 1999 plaintiff finally complained to upper management regarding manager Doe's conduct. Plaintiff was visibly pregnant at the time. By such complaint plaintiff opposed a practice made unlawful under Chapter 21.00, *et seq.* of the Texas Labor Code. In response to plaintiff's complaint, in November 1999 the company's director of human resources, Jan Hartz, conducted classes for employees regarding sexual harassment. About three months after plaintiff

made the complaint, and after five years of employment, defendants fired plaintiff.

14. On January 18, 2001 plaintiff delivered a baby by cesarean section. Plaintiff took two (2) weeks' leave and on Monday, January 31, 2001 plaintiff notified the company she planned to return to work. Supervisor Nancy Talley told plaintiff the company required a letter from plaintiff's physician before plaintiff could return to work. Plaintiff provided the company with the physician's letter, which stated plaintiff could return to "light duty."

15. The next day plaintiff's physician told plaintiff that Jan Hartz, the company's Human Resources Director, had called the doctor's office to inquire regarding what kind of light duty plaintiff could do. Jan Hartz told that doctor's office that plaintiff's job duties "involved moving heavy objects such as lawn mowers."

16. On Wednesday, February 3, 2001 plaintiff reported to work, whereupon Supervisor Talley and Director Hartz terminated plaintiff. Talley and Hartz told plaintiff she was being fired because she violated company policy regarding purchasing merchandise.

17. Plaintiff alleges one or more of the protected bases stated above were motivating factors in the company's decision to take adverse personnel action against her.

* * *

19. Plaintiff alleges that the company at times relevant did not have an adequate policy or procedure whereby employees could report unlawful harassment, including sexual harassment. Even if it did have such policy or procedure, the company failed to provide information regarding same to its employees.

20. Plaintiff alleges the company failed to adequately train defendant Fulano Doe, and its other managers regarding the nature and prevention of unlawful harassment. The company failed to

establish an appropriate internal complaint procedure, failed to inform employees regarding filing of such complaints, or both. After the company knew or should have known that manager Doe was subjecting plaintiff and others similarly situated to sexual harassment, the company was negligent in retaining Doe.

21. As the result of such practices and customs stated above, the company by and through its managers, including defendant Doe, and perhaps other(s), created and maintained a sexually charged hostile work environment. The company subjected plaintiff and others similarly situated to a pattern and practice of sexual harassment, including both the hostile work environment and *quid pro quo* demands.

C.    **Claims, Causes of Action, and Remedies**
      1.    **Statutory Claims:**
            **Texas Labor Code- Chapter 21.00, *et seq*.**

22. Defendants have violated the statutory rights of plaintiff and others similarly situated by subjecting them to sexual harassment.

2.    **Common Law Causes of Action**

23. Regarding defendants' conduct upon which plaintiff's claims of sexual harassment are based, defendants have subjected plaintiff and individuals similarly situated to assault, assault and battery, false imprisonment on the company's premises, invasion of privacy, and defendants intentionally inflicted emotional distress upon same. The company negligently failed to train and supervise its supervisors and mangers in matters concerning unlawful harassment. Defendants have subjected plaintiff to defamation, defamation *per se*, and self-compelled defamation, in ways including falsely accusing plaintiff of violating company policy regarding the sale of merchandise.

3.    **Declaratory Relief**

24. Plaintiff requests the court construe and declare the rights of the parties based on the company's employee manual and

its putative    alternative dispute resolution policy (Exhibit D).

* * *

## VI    DAMAGES

27. The company has engaged in unlawful intentional employment practices as alleged in the administrative complaint and herein. The company has engaged in a discriminatory practice with malice or with reckless indifference to plaintiff's statutory rights. Defendants' conduct was outrageous, and beyond the norms of civilized society. Defendants acted with intent and malice to cause plaintiff harm, and did do so. Accordingly, plaintiff is entitled to both compensatory and punitive damages.

* * *

## IX    PRAYER FOR RELIEF

33. WHEREFORE, plaintiff prays the court award such relief as includes that stated below.
34. DECLARE the rights of the parties with respect to the company's alleged alternative dispute resolution policy as stated in its employee manual.
35. ORDER the defendant company to reinstate plaintiff as a regular employees, with all backpay and benefits.
36. ORDER defendant to pay plaintiff damages, including actual, compensatory, and punitive.
37. ORDER that defendants to pay plaintiff prejudgement and postjudgement interest as may be allowed by law.
38. ORDER defendants not to retaliate further against plaintiff.
39. ORDER the defendant company to pay plaintiff reasonable attorney's fees, costs of court, and expenses as provided by law.
40. ORDER such other and further relief as may be proper and just.

B.    Amendment to Clarify Claims, Make Corrections and add cause of action

6.    Plaintiff will amend to clarify bases of claims under the Texas Labor Code, make corrections (*e.g.*, dates in ¶¶ 14 and 16). Plaintiff may also add breach of the employment contract based on defendant's failure to pay plaintiff, and others similarly situated, overtime during the four (4) year period preceding the filing of this case.    Plaintiff will not in this case allege violations of the Fair Labor Standards Act.    Plaintiff may also add breach of the employment contract based on 1) defendant's failure to give plaintiff, and others similarly situated, notice of rights to continuation coverage upon becoming eligible for enrollment in the group health Plan, during the four (4) year period preceding the filing of this case; and 2) defendant's failure to give plaintiff, and others similarly situated, the notice of creditable coverage upon termination of employment, during the four (4) year period preceding the filing of this case.    Plaintiff will not in this case allege violations of the Employee Retirement Income Security Act or the Health Insurance Protection and Accountability Act.

6.    **Rule 194.2(d), "the amount and method of calculating economic damages"**: Regarding backpay, to date plaintiff has lost approximately $25,594.44 in backpay.    The calculation uses the average of plaintiff's 1999 and 1998 gross salary, $24,222.00, and deducts from that amount earnings in 2000 ($15,884.00), 2001 ($11,304.52, and 2002 YTD ($1200.00- approximately).    This results

in a difference of $8338.00 in 2000, and $12,917.48 in 2001. Plaintiff seeks the full amount of compensatory and punitive damages under the Texas Labor Code. Absent reinstatement, front pay at present appears to be about $13,000.00 per year, and plaintiff would seek at least five years front pay, a total of $65,000.00. Regarding the common law causes of action, plaintiff seeks the fair and reasonable amount to be determined by the jury.

7.    Regarding additional damages in possible related claims, at present it appears defendant did not provide notice of COBRA rights upon initial eligibility, and failed to provide the HIPAA certificate upon termination. At present plaintiff assumes these omissions affected plaintiff and all other employees. As to plaintiff the civil penalties to date are approximately, a) COBRA- $200,750.00, and b) HIPPA- $78,430.00, a grand total of (approximately) $279,180.00. In context of any class action, plaintiff assumes class members would have actual damages compensable under state law after the termination of the federal preemptive periods.

8.    **Rule 194.2(d), "the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case":** At this time such persons known to plaintiffs include those stated below.

8.1     Raul Ramos, defendant's manager, Corpus Christi, has personal knowledge of his conduct and comments toward plaintiff. Plaintiff believes he has knowledge of his role in plaintiff's termination (See 8.5, below.).Plaintiff believes he also has personal knowledge of sexual activity at the workplace with an employee named "Missy," in Corpus Christi. Plaintiff does not have his current address and telephone number, but plaintiff believes such is known to defendant.

8.2     Steven Trevino, defendant's manager, Corpus Christi. Based on statements made to plaintiff, plaintiff believes he observed sexual activity at the workplace between Raul Ramos and an employee named "Missy," in Corpus Christi. Plaintiff does not have his current address and telephone number, but plaintiff believes such is known to defendant.

8.3     Raul Esparza, a management employee. He told plaintiff that Raul Ramos and he took money from the cash drawer of a store manager in Brownsville named "Esmeralda," in order to contrive a basis for terminating her.

8.4     Nancy Talley, Jan Hartz, and Cynthia White, management employees at corporate headquarters. Plaintiff believes they have knowledge of the facts surrounding plaintiff termination. Nancy Talley has knowledge of the September 1999 memo re sale of merchandise to employees. Plaintiff does not have their current addresses and telephone numbers, but plaintiff believes such is

known to defendant.

8.5    Federico Galvan, Jorge Perez, Melissa Perez, Rey Lucio, Clara Cortez, Eddie Colunga, Steve Walker, Andy Martinez, Chad Grigg, Jaime Loera, Lupe Rivera, Humberto Solis, Israel Medrano, Ramon Garcia, Victor de Leon, Ricky Garza, Jorge Espino, and Mike Trevino are current or former management employees, who have knowledge of the practice of purchase of  merchandise by employees after the September 1999 memo from Nancy Talley.  They have knowledge that plaintiff followed the approved practice for such sales.  Plaintiff does not have his current address and telephone number, but plaintiff believes such is known to defendant.

8.6    Joe Ramirez, Management employee.  Plaintiff believes he has knowledge of at least one other example of sexual harassment involving another female employee.  Plaintiff does not have his current address and telephone number, but plaintiff believes such is known to defendant.

8.9    Brenda Villareal, current or former employee in Corpus Christi.  She told plaintiff facts regarding a company party sponsored by Raul Ramos, where among other things, Ramos became drunk and kissed her without her consent in the presence of Villareal's male friend.  Plaintiff does not have his current address and telephone number, but plaintiff believes such is known to defendant.

8.10      Elizabeth Armas, Adriana Perez, and Carmen Barrera, employees or former employees in Brownsville.  Plaintiff made contemporaneous reports to them regarding Raul Ramos's action and conduct toward plaintiff which plaintiff contends constitutes sexual harassment.

8.11      Ms Teri Danish, address and telephone numbers below. As counsel for defendant, she is presumably familiar with matters at issue in this case.

8.12      Deyanira Crespo, plaintiff, 417 East 10th Street Los Fresnos, TX 78566, 956.233.9316, has knowledge of matters at issue in this case.

8.13      David Horton and Dennis Sanchez, plaintiff's counsel, address and telephone numbers below, have knowledge of matters at issue in this case.

**9.  Rule 194.2(f), "for any testifying expert ....":** Plaintiffs have not consulted or retained a testifying expert at this time.

**10.  Rule 194.2(g), "any indemnity and insuring agreements described in Rule 192.3(f).":** Plaintiffs are not at this time aware of any such applicable indemnity and insuring agreements.

**11.  Rule 194.2(h), "any settlement agreements described in Rule 192.3(g)":** Plaintiffs are not at this time aware of any such settlement agreements.

12.    **Rule 194.2(I),** "**any witness statements described in Rule 192.3(h)**": Plaintiffs are not at this time aware of any such witness statements.

12.    **Rule 194.2(j),** "**... medical records and bills ....**": No such documents exist at this time. To the extent same relating to plaintiff's son are responsive, such have been produced (documents ##059-061).    At such time as they may exist plaintiffs will provide defendant with appropriate information release authorizations.

13.    **Rule 194.2(k),** "**... medical records and bills ... [from] requesting party**": No such documents exist at this time.    At such time as they may exist plaintiffs will provide defendant with copies of same.

Respectfully Submitted,

*David Horton*

Dennis Sanchez
SBOT No. 17569600
SANCHEZ, WHITTINGTON,
  JANIS & ZABARTE, L.L.P.
100 North Expressway
Brownsville, TX 78521-2284
956.546.3731 Telephone
956.546.3765 Telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Attorneys for Plaintiff
DEYANIRA CRESPO

------------------------------------------------------------

## CERTIFICATE OF SERVICE

I served a copy of this document on defendant's counsel of record, to-wit:

Ms. Marjory Batsell
SBOT No. 04631400
Ms. Teri Danish
SBOT No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
956.542.7441 telephone
956.541.2170 telecopier
Attorneys for Defendant,

by Certified Mail # 7099 3400 0017 5908 7199 on February 18, 2002.

*D Horton*

David Horton

PLAINTIFFS' RESPONSE TO
*DEFENDANT'S REQUEST FOR DISCLOSURE TO PLAINTIFFS*                    13