IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DEYANIRA CRESPO, | * |
| | * |
| V. | *   Civil Action No. B-02-46 |
| | • |
| FIRST CASH FINANCIAL SERVICES | * |
| INC, f/k/a FIRST CASH INC., A | * |
| Delaware Corporation; and FULANO | * |
| DOE, A Resident of the State of Texas | * |

**OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

Defendant First Cash Financial Services, Inc. f/k/a First Cash, Inc. ("First Cash") opposes plaintiff's motion to remand as follows:

**I.**

**Background**

Plaintiff filed her Original Petition in County Court at Law, Cameron County, Texas on July 5, 2001. The petition asserts claims of sexual harassment, retaliation and wrongful termination against First Cash, as well as various common law tort claims.

First Cash served plaintiff with Requests for Disclosures on January 7, 2002, to which plaintiff responded on February 21, 2002. In response to request number 4, plaintiff asserted additional causes of action for "breach of the employment contract" based on 1) defendant's alleged failure to give plaintiff notice of rights to continuation of coverage in the company's group health plan, and 2) defendant's alleged failure to provide notice of creditable coverage upon termination of employment. Plaintiff also

claims that First Cash "breached a contract" for failing to pay overtime to plaintiff. First Cash filed its notice of removal on March 8, 2002.

## II.

### Plaintiff Has Alleged Federal Claims And Removal Was Proper.

Despite her vigorous protestations to the contrary, plaintiff's response to First Cash's request for disclosure clearly demonstrates that plaintiff is asserting claims under the Employee Retirement Income Security Act ("ERISA") and the Fair Labor Standards Act ("FLSA"). Plaintiff's response specifically states that she seeks in excess of $279,000 in penalties under statutes for which she is now claiming she is not seeking redress. Plaintiff's doublespeak cannot be rewarded.

**A.   ERISA completely preempts plaintiff's claims.**

Plaintiff's additional theories of recovery, regardless of how she chooses to name them, are based upon the existence of First Cash's employee benefit plan, i.e., an ERISA plan. Plaintiff claims that First Cash failed to provide plaintiff with notice of her rights under the Company's group health plan. It is thus beyond dispute that plaintiff's claim "related to" the First Cash ERISA plan. Absent the plan, there would be no claim. *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 483-84 (1990). Accordingly, these newly added claims are completely preempted by ERISA's broad scope and removal was proper. *See Shaw v. Delta Airlines, Inc.,* 463 U.S. 85 (1983)("relate to" should be given its broad, common sense meaning; a claim is preempted if it has connection to or involvement with the ERISA plan); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67 (1987)(sweep of ERISA preemption not only encompasses state law, but also completely displaces state law).

B.  **The FLSA provides this Court with jurisdiction.**

Similarly, plaintiff's purported "breach of contract" for the Company's alleged failure to pay overtime clearly states a claim under the Fair Labor Standards Act, which provides state and federal courts with concurrent jurisdiction. 29 U.S.C. §216(b). Without the FLSA, First Cash would have no obligation to provide overtime pay. Plaintiff's attempt to now allege breach of a contract that does not exist in an attempt to avoid federal jurisdiction is exactly the type of "artful pleading" not permitted by the Fifth Circuit. *See Walker v. Atwood Chevrolet-Olds, Inc.*, 189 F.Supp.2d 594, 599 (S.D.Miss. 2001)(plaintiff may not attempt to disguise federal law claim in an attempt to avoid federal jurisdiction).

Perhaps most notably, plaintiff's motion to remand does not address removal under the FLSA. Plaintiff has thus waived any objection to this Court's proper exercise of jurisdiction over her claims.

C.  **Plaintiff's disclaimers are unavailing.**

Finally, plaintiff contends because she specifically disclaimed any federal claims, the Court cannot exercise removal jurisdiction. If plaintiff's contention were the rule of law, no defendant could *ever* remove a case if the plaintiff remembered to use the magic words of disclaimer in her petition. Just because plaintiff did not intend to assert a federal claim does not mean that no federal claim was alleged.[1] This is especially where plaintiff has set forth in exacting detail the monetary amount she seeks to recover from the federal statutes at issue.

---

[1] The authority cited by plaintiff in her motion to remand does not hold otherwise. Instead, those cases merely stated the unremarkable proposition that some factual allegations can be stated exclusively as state law claims. In fact, the Court in *Walker* noted that where, as here, a court necessarily has to construe federal law in order to reach a conclusion, federal jurisdiction exists. 189 F.Supp.2d at 599.

Nor can plaintiff rely on the fact that she states an intention to assert federal claims "in the future" as a basis for remand. 28 U.S.C. §1446(b) requires that a notice of removal be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may be *first* ascertained that the case is one which has become removable." [Emphasis added.] Upon receipt of plaintiff's discovery response, First Cash was placed in the "Catch 22" situation of either 1) timely removing this case within thirty days of service of those responses, or 2) risking a claim from plaintiff that First Cash waived its right to removal when plaintiff more fully developed through discovery her federal claims after the thirty day period had expired.

### III.

**Plaintiff Cannot Evade Federal Jurisdiction By Dismissing Her Federal Claims.**

In the alternative, plaintiff asks the Court for permission to dismiss any federal claims she may have asserted in an effort to defeat federal jurisdiction. Because First Cash would be unduly prejudiced by plaintiff's attempt to manipulate jurisdiction, the Court should deny plaintiff's request.

Case law dating back more than 60 years establishes that federal courts properly reject transparent efforts such as this to manipulate the federal forum to the defendant's detriment. In *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938), the Supreme Court stressed that allowing a plaintiff to defeat federal jurisdction by way of amended pleadings would render the "supposed statutory right of removal. . . subject to the plaintiff's caprice." The Court continued, "[t]he claim, whether well or ill

founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." *Id.*

Federal courts of appeals have applied these lessons repeatedly to hold that allowing a plaintiff to voluntarily dismiss federal claims constitutes an abuse of discretion when the result subjects a defendant to a "legal prejudice." *See Ikospentakis v. Thalassic S.S.Agency,* 915 F.2d 176, 177 (5th Cir. 1990); *Phillips v. Illinois Cent. G.R.R.,* 874 F.2d 984, 987 (5th Cir. 1989).

Should this case be remanded, undue prejudice to First Cash is all but certain. First Cash will not be able to avoid the admission of evidence or imposition of punitive damages for conduct and claims related to an ERISA plan. ERISA does not permit awards of punitive or exemplary damages. First Cash would likewise be saddled with admission of evidence related to a FLSA claim, while not being afforded the damage limitations imposed by that statute. Plaintiff's request to drop her federal claims should thus be denied.

## IV.

### Plaintiff Has Waived Her Right To Remand

Finally, plaintiff's post-removal conduct has waived any right to remand she may have had. Following removal, plaintiff consciously invoked federal authority by taking the depositions of Nancy Talley and Cynthia White. The right to complain of federal jurisdiction is "waived...by engaging in discovery." *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir. 1990); *see also Johnson v. Odeco Oil and Gas Co.,* 864 F.2d 40, 42 (5th Cir. 1989)(plaintiff waived objection to federal court jurisdiction by

attending depositions and amending complaint to join additional defendants); *Courville v. Texaco, Inc.*, 741 F.Supp. 108, 110-111 (E.D. La. 1990).

## V.

## Conclusion

Plaintiff has clearly invoked this Court's jurisdiction and her attempts to state otherwise should not be countenanced. As a result, First Cash respectfully requests that plaintiff's motion to remand be denied in its entirety.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Teri L. Danish
Attorney-in-Charge
State Bar No. 05375320
Federal Admissions No. 12862
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FIRST CASH FINANCIAL SERVICES
INC,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

>Dennis Sanchez
>Sanchez, Whittington, Janis & Zabarte, L.L.P.
>100 North Expressway
>Brownsville, Texas 78521-2284
>Attorneys for Plaintiff Deyanira Crespo
>
>David Horton
>Neel & Horton, L.L.P.
>Post Office Box 2159
>South Padre Island, Texas 78597
>Attorneys for Plaintiff Deyanira Crespo

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 1st day of May, 2002.

_____
Teri L. Danish