IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
MAY 0 9 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| DEYANIRA CRESPO,<br>    Plaintiff, | §<br>§<br>§ |
| VS. | §<br>§ |
| FIRST CASH FINANCIAL SERVICES,<br>INC, f/k/a FIRST CASH INC., A<br>Delaware Corporation; and FULANO<br>DOE, A Resident of the State of Texas,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. B-02-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Deyanira Crespo Motion to Remand (Docket No. 6), Plaintiff's Memorandum in Support of Motion to Remand (Docket No. 7), and Defendant's First Cash Financial Services, Inc., Opposition to Plaintiff's Motion to Remand (Docket No. 11). Upon due consideration, the Court is of the opinion that Plaintiff's Motion to Remand (Docket No. 6) should be **GRANTED**.

### BACKGROUND

On July 5, 2001, Deyanira Crespo ("Crespo") initiated this lawsuit in the County Court at Law No. One of Cameron County, Texas, against her former employer First Cash Financial Services, Inc, f/k/a First Cash Inc., ("First Cash") and her former supervisor sued under the fictitious name Fulano Doe ("Doe"). In her original petition, Crespo alleged only state law causes of action, and she expressly disavowed any federal relief to which she might be entitled.[1]

---

[1] Crespo stated in her petition:

32. Plaintiff does not assert any federal claims herein, specifically including but not limited to, Title

1

(*See* Docket No. 7, Exhibit A). Nevertheless, First Cash removed the case to federal district court after receiving Crespo's response to First Cash's request for disclosures. First Cash claimed that Crespo's response indicated that she was asserting additional causes of action under the Employee Retirement Income Security Act[2] ("ERISA"), the Health Insurance Protection and Accountability Act[3] ("HIPAA"), and the Fair Labor Standards Act[4] ("FLSA"). (Docket No. 1, Exhibit A). Crespo now moves to remand the action.

## DISCUSSION

The party seeking the removal of an action from state court must establish that the suit lies within the limited jurisdiction of a federal court. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Any doubts regarding the right of removal are strictly construed against removal and in favor of remand. *See Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996). First Cash removed this case from state court pursuant to 28 U.S.C. § 1446(b). Under section 1446(b), when an action is not initially removable, the defendant has 30 days after it receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C.A. § 1446(b) (West 1994).

First Cash claims that Crespo's response to the request for disclosures is the "other paper" from which First Cash ascertained that the case was removable. In her response to the request for

---

VII of the Civil Rights Act of 1964 and 1991 (As Amended), 42 U.S.C. § 1981, or the Employee Retirement Income Security Act. Plaintiff only asserts claims and causes of action under the laws of the State of Texas.
(Docket No. 7, Exhibit A).
[2] 29 U.S.C.A. § 1101 *et seq.* (West 1999).
[3] 42 U.S.C.A. § 300gg *et seq.* (West 2001).
[4] 29 U.S.C.A. § 201 *et seq.* (West 1998).

disclosure, Crespo stated:

> 6. Plaintiff will amend to clarify bases of claims under the Texas Labor Code, make corrections (e.g., dates in ¶¶ 14 and 16). Plaintiff *may* also add breach of the employment contract based on defendant's failure to pay plaintiff, and others similarly situated, overtime during the four (4) year period preceding the filing of this case. Plaintiff will not in this case allege violations of the Fair Labor Standards Act. Plaintiff *may* also add breach of the employment contract based on 1) defendant's failure to give plaintiff, and others similarly situated, notice of rights to continuation coverage upon becoming eligible for enrollment in the group health Plan, during the four (4) year period preceding the filing of this case; and 2) defendant's failure to give plaintiff, and others similarly situated, the notice of creditable coverage upon termination of employment, during the four (4) year period preceding the filing of this case. Plaintiff will not in this case allege violations of the Employee Retirement Income Security Act or the Health Insurance Protection and Accountability Act.

(Docket No. 1, Exhibit A) [Emphasis added]. With respect to the Defendants' question regard the amount and method of calculating economic damages, Crespo further asserted,

> 7. Regarding additional damages in *possible related claims*, at present it appears defendant did not provide notice of COBRA rights upon initial eligibility, and failed to provide the HIPAA certificate upon termination. At present plaintiff assumes these omissions affected plaintiff and all other employees. As to plaintiff the civil penalties to date are approximately, a) COBRA-$200,750.00 and b) HIPAA-$78,430.00, a grand total of (approximately) $279.180.00.

(Docket No. 1, Exhibit A) [Emphasis added]. First Cash adamantly asserts that these statements "clearly [demonstrate] that [Crespo] is asserting claims under" ERISA, FLSA, and HIPAA. This Court disagrees.

Recently, the Fifth Circuit held that the "information supporting removal in a copy of an amended pleading, motion, order or other paper must be '*unequivocally clear and certain*' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, __ F.3d __, 2002 WL 522895, *2 (5th Cir. Apr. 8, 2002). A defendant's subjective knowledge is insufficient to convert a case into a removable action. *See id.*, at *1.

Crespo's original petition asserts only state law causes of action, and she expressly repudiates any federal claims. Moreover, her response to the request for disclosures merely indicates that she *may* raise additional claims and that *possible* related claims may exist. Nonetheless, the verb "may" is "[a]n auxiliary verb qualifying the meaning of another verb by expressing ability, competence, liberty, permission, *possibility, probability or contingency*." BLACK'S LAW DICTIONARY 979 (6th ed. 1990) [Emphasis added]. Furthermore, the word "possible" suggests that something is "of uncertain likelihood." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 918 (1988). Whether these additional claims are in fact an attempt by Crespo to artfully mask federal claims as claims arising under state law is an inquiry that would be prematurely considered at this juncture. The fact remains that Crespo has not affirmatively and unequivocally pleaded in any paper any federal claims or given any indication that she *is*. In light of the policy that any doubts must be construed in favor of remand, First Cash may not remove this action based on the dubious information that Crespo may allege additional causes of action at a later point in time. In short, this case is not, and has not yet become, removable.

Accordingly, IT IS therefore **RECOMMENDED** that Plaintiff's Deyanira Crespo Motion to Remand (Docket No. 6) be **GRANTED**. IT IS further **RECOMMENDED** that the above-style action be hereby **REMANDED** to the County Court at Law No. One of Cameron County, Texas, pursuant to 28 U.S.C. § 1447(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas, on this 7th day of May, 2002.

                                                  John Wm. Black
                                                  United States Magistrate Judge